UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| SHANE TIMOTHY O'GRADY, § § Petitioner, § VS. § RICK THALER, § § Respondent. § § § § § § | CIVIL ACTION NO. G-11-481 |

## MEMORANDUM AND ORDER

State inmate Shane Timothy O'Grady (TDCJ #1614317) seeks habeas corpus relief challenging a 2009 conviction for assault with a deadly weapon. Respondent Rick Thaler has filed a Motion for Summary Judgment, to which O'Grady has responded. Based on a careful consideration of the pleadings, the record, and the applicable law, this Court **GRANTS** Respondent's Motion for Summary Judgment and **DENIES** Petitioner's request for habeas relief.

I. FACTUAL AND PROCEDURAL BACKGROUND

O'Grady is in custody pursuant to a judgment and sentence of the 23rd District Court of Brazoria County, Texas. Docket Entry No. 6-7 at 48. On November 3, 2009, a jury found O'Grady guilty of aggravated assault and sentenced him to 30 years imprisonment. *Id.* The Fourteenth Court of Appeals

affirmed the conviction. Docket Entry No. 6-4 at 1. The state court of appeals summarized the facts thusly:

> Shane O'Grady was convicted of aggravated assault with a deadly weapon for locking his then-wife in a hotel room and threatening to shoot her. Shane and Amye O'Grady were married in 2004, but had separated by December 2007. A divorce action was pending when the incident giving rise to this case occurred on September 28, 2008. On that day, Shane contacted Amye and asked her to pick him up at his brother's house and take him to have a check cashed so that he could make a child-support payment. Amye picked Shane up and began to drive him to a check-cashing business in Lake Jackson. On the way, Shane asked Amye to stop at a motel where he had been staying so he could get his wallet. Upon arriving at the motel, Shane asked Amye to come inside the room with him to collect some items he had bought for their daughter.
>
> Once inside, Shane locked the door and told Amye to sit down. Amye testified Shane said he wanted closure and that holding her in the room was the only way to get it. When Amye objected, Shane opened the door and told her she could leave, but before she could do so he again shut and locked the door. Amye testified Shane then pulled out a handgun and told her she was "not going anywhere." Amye testified that she and Shane sat down across from each other at a table and that Shane said he was going to kill himself and she would have to watch so it "would be imprinted on [her] brain forever." Amye further testified Shane said he considered killing her but did not want to leave their daughter without both parents.
>
> When Amye denied Shane's accusation that she had cheated on him, Amye testified Shane threatened to shoot her in the shoulder. Amye testified Shane held her captive for approximately four hours, during which he made repeated threats to shoot her. During the exchange, Amye was able to surreptitiously dial 911 on her cell phone. Although she could not speak, she kept the line open for about 40 minutes until Shane discovered the cell phone and took it from her. A recording of the call was played for the jury. Amye testified Shane told her he would shoot her and himself when police arrived. The police, however, were dispatched to Shane's brother's home under the

> mistaken belief that the incident was taking place between Shawn O'Grady, Shane's brother, and his wife, Dorothy.
>
> Amye and Shane eventually left the motel room after Amye defused the situation by agreeing to reconcile their relationship. They returned to Shawn O'Grady's home, where they learned police had responded to that location. Amye whispered in Dorothy O'Grady's ear that she needed to speak with her. Amye testified that the next day Dorothy told her that Shane admitted everything that had happened. Dorothy testified that conversation took place over a phone call in which Amye asked if Shane told Dorothy about what happened, to which Dorothy answered "yeah."

Docket Entry No. 6-5 at 2–3.  O'Grady did not file for discretionary review with the Texas Court of Criminal Appeals.

O'Grady filed a state application for writ of habeas corpus challenging his conviction.  Docket Entry No. 6-19 at 13–24.  The district court denied O'Grady relief without a hearing.  Docket Entry No. 6-20 at 53.  The Texas Court of Criminal Appeals denied relief without written order.  Docket Entry No. 6-19 at 2.

O'Grady subsequently filed this application for federal habeas relief. Docket Entry No. 1.  O'Grady alleges that his attorney was deficient for: (a) introducing evidence that showed he had been arrested for violating a protective order; (b) introducing evidence that O'Grady had admitted to certain events at the motel room and having a firearm; (c) admitting O'Grady was guilty during closing argument; and (d) failing to request that the court instruct the jury concerning a lesser included offense.  *Id.* at 7, 11.  Additionally, he claims that the trial court erred when it: (a) amended its judgment to show a finding of a deadly weapon; and

(b) failed to instruct the jury on the lesser included offense of deadly conduct. *Id.* at 7.

## II. STANDARD OF REVIEW

This Court reviews O'Grady's petition under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002). The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d)–(e)(1).

A state-court determination on questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. section 2254(d)(1) and receives deference

unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1)). A state-court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is "opposite to that reached by the [the Supreme Court] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *(Terry) Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

Questions of fact are governed by section 2254(d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001) (citation omitted). A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (quoting *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005)). "This deference

extends not only to express findings of fact, but to the implicit findings of the state court." *Id.* at 444–45 (citations omitted).

While as "a general principle[] Rule 56 of the Federal Rules of Civil Procedure[] relating to summary judgment[] applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. For example, section 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party. 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

O'Grady contends that he is entitled to relief because he was denied effective assistance of counsel. Docket Entry No. 1 at 7, 11. Claims for ineffective assistance of counsel are analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984). To prevail under *Strickland*, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *Id.* at 687; *see also (Terry) Williams*, 529 U.S. at 390.

The first prong of the governing standard is only satisfied when the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Scrutiny of counsel's performance must be "highly deferential[,]" and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it . . . permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

To prove prejudice and satisfy the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, --- U.S. --- , 131 S. Ct. 770, 787 (2011) (citing *Strickland*, 466 U.S. at 694). A "reasonable probability" requires that "[t]he likelihood of a different result [is] substantial, not just conceivable." *Id.* at 792 (quoting *Strickland,* 466 U.S. at 693).

In addition to the deference given the trial counsel's choice of tactic, the AEDPA requires the court to review the state habeas court's decision with deference. To the extent that O'Grady's ineffective assistance claims were rejected in state court, the central question is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect[,] but whether that determination was unreasonable—a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and section 2254(d) are "highly deferential," and "doubly so" when applied in tandem) (citations and quotations omitted).

Three of O'Grady's *Strickland* claims—that his trial counsel was deficient for (1) introducing evidence of his arrest for violation of a protective order, (2) introducing evidence of his admission to events in the motel room and to possession of a firearm, and (3) admitting O'Grady's guilt during closing

argument—were brought on direct appeal to the Fourteenth Court of Appeals.[1] Docket Entry No. 6-1 at 12–13. That court applied *Strickland* and, noting that the record was silent as to the reasons for counsel's actions, determined that O'Grady "failed to rebut the presumption that counsel's conduct fell within the range of reasonable representation."[2] Docket Entry No. 6-5 at 5.

---

[1] Under Texas law, a claim raised on direct appeal generally should not be relitigated through a state habeas proceeding. *See Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994) (en banc). Federal review of a claim is procedurally barred if state court's denial of relief clearly and expressly based its denial on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this case, the state habeas court gave no reasoning in its judgment denying O'Grady's petition. Docket Entry 6-20 at 52. While the Attorney General argued that those claims brought on direct appeal were barred from habeas review (Docket Entry No. 6-20 at 50–51), the court did not explicitly adopt this reasoning. *See* Docket Entry 6-20 at 53. It is not clear in this case that the state court's determination rested primarily on state procedural law as opposed an examination on the merits. *See Coleman*, 501 U.S. at 739. Furthermore, the law concerning the proper manner in which to bring *Strickland* claims in Texas courts is in flux. *See Trevino v. Thaler*, --- U.S. ---, 133 S. Ct. 524, 525 (2012) (granting certiorari to address the question of whether "a death-sentenced prisoner confined pursuant to a Texas judgment may assert ineffective assistance of state habeas counsel as cause to excuse the procedural default of a claim of ineffective assistance of trial counsel"). This Court, therefore, finds it more prudent to examine O'Grady's claims on the merits.

[2] Because the record is silent on O'Grady's trial counsel's strategy, O'Grady seeks either an order forcing trial counsel to produce an affidavit responding to the charges or a live evidentiary hearing, which he claims will properly develop the record. Docket Entry No. 14 at 13, 16. This Court denies both. When a habeas petitioner has failed to fully develop the factual basis of his claims in state court, the AEDPA precludes further factual development in federal court. *See (Michael) Williams v. Taylor*, 529 U.S. 420, 436–37 (2000). Given O'Grady's failure to develop a factual basis for his claim in state court, this court's power to order an evidentiary hearing is restricted by subsection 2254(e) of the AEDPA. Subsection 2254(e) allows for an evidentiary hearing only if the petitioner can show either (1) that his claims rely on a new, previously unavailable rule of constitutional law or a factual predicate that could not have been discovered through due diligence, or (2) that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). O'Grady cites no new rule of constitutional law, no factual predicate that he could not have previously discovered, and makes no claim of actual innocence. Because O'Grady has not met the requirements of subsection 2254(e), this court's discretionary power is not triggered. *See id.* O'Grady's request for further evidence is denied.

O'Grady first argues that his trial counsel was deficient for eliciting testimony on cross examination concerning O'Grady's arrest for violating a protective order. Docket Entry No. 1 at 7, 11. Respondent points out that the arrest was introduced so that the circumstances surrounding it would cast the prosecution's witness in an unfavorable light, thus undermining her credibility. Docket Entry No. 11 at 15. Where there is at least a reasonable justification for counsel's action, it cannot be said that her representation was objectively unreasonable. *See Strickland*, 466 U.S. at 687. O'Grady has not shown that attacking the witness's credibility in such a manner was an unreasonable trial tactic which no attorney would undertake, and thus cannot establish *Strickland's* first prong. *See id.*

Second, O'Grady complains that his counsel was deficient for introducing evidence that he admitted to certain events at the motel room and that he was in possession of a firearm. Docket Entry No. 1 at 7, 11. On appeal, the Fourteenth Court held that "it was not unreasonable for counsel to concede these points, nor was it unreasonable to adopt a strategy in which counsel attempted to negate the element of intent required for aggravated assault and undermine Amye's credibility[,]" pointing out that "[i]t was not in dispute that Shane was in the motel room with Amye and produced a handgun." Docket Entry No. 6-5 at 5. O'Grady cannot show that his counsel's admission of these undisputed facts was

unreasonable or that he was actually prejudiced. Accordingly, the state habeas court's decision was not unreasonable.

Third, O'Grady faults his trial counsel for admitting his guilt during closing argument. Docket Entry No. 1 at 7, 11. An admission of guilt is often used by defense counsel facing overwhelming evidence to attempt to mitigate a defendant's sentence. While the tactic may not have been successful here, it is not a strategy which no reasonable counsel would attempt. Further, O'Grady offers nothing that would show actual prejudice by this tactic.

O'Grady's final ineffective assistance complaint, that his trial counsel failed to object to the jury charge and to request an instruction on the lesser included offense of deadly conduct, was brought for the first time in the state habeas proceeding. Docket Entry No. 1 at 7, 11. The Fifth Circuit recently recognized that a lesser included charge may go unrequested as part of an "all-or-nothing" strategy. *See Druery v. Thaler*, 647 F.3d 535, 540 (5th Cir. 2011) ("[Petitioner] articulated a valid strategic reason for declining the instruction: to obtain a full acquittal."). Such an approach is a strategic trial choice that does not give rise to a claim of ineffectiveness. Moreover, no evidence was shown to the jury that would have reasonably led to the conclusion that O'Grady committed the assault yet did not use a deadly weapon. Under these facts, an objection to the jury charge would have been meritless. Therefore, neither *Strickland* prong is satisfied. *See Smith v.*

*Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("prejudice does not issue from[] failure to raise a legally meritless claim"). O'Grady is not entitled to federal habeas corpus relief on this claim.

### B. Trial Court Error

O'Grady next alleges that the trial court erred by failing to instruct the jury of a lesser included offense and by finding that he possessed a deadly weapon in the hotel room, violating his right to due process. Docket Entry No. 1 at 7.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citation omitted); *see also Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citation omitted). Thus, trial court error under state law "does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983); *see also Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005) (citations omitted). Only those errors that violate "those fundamental conceptions of justice which lie at the base of our civil and political institutions[] and which define the community's sense of fair play and decency" will render a trial fundamentally unfair. *Murray v. Quarterman*, 243 F. App'x 51, 54 (5th Cir. 2007) (quoting *Dowling v. United States*, 493 U.S. 342, 353 (1990)).

O'Grady claims that the trial court erred by failing to instruct the jury on the lesser included offense of deadly conduct.  Docket Entry No. 14 at 16–17.  It is well-settled, however, that in a noncapital case "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue."[3]  *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998) (citation omitted).  It is beyond this Court's habeas authority to question a state court judgment on the state court jury instruction issue when no constitutional question exists.  *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *McGuire*, 502 U.S. at 67–68).  Accordingly, relief on this claim is denied.

O'Grady lastly claims that at his indigency hearing, the trial court "amended" its judgment to include a finding of a deadly weapon.  Docket Entry No. 14 at 17–18.  The jury reached its verdict on November 3, 2009, and O'Grady filed his notice of appeal.  Docket Entry No. 6-7 at 103–104.  Two weeks later on November 17, the trial court issued the judgment.  *Id.*  As an initial matter, there was no "amended" judgment.  Per normal procedures, the trial court entered judgment in the days after the verdict.  O'Grady identifies no earlier judgment that

---

[3] O'Grady counters that Texas's "interpretation of whether to provide the lesser-included instruction violates the Constitution."  Docket Entry No. 14 at 17 (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983)).  The authority cited, however, concerns jury selection, not a jury instruction.  *Moreno*, 717 F.2d at 178–79.  And worse for O'Grady's argument, *Moreno* holds that even the issue of jury selection is a matter of state procedural law, not federal constitutional law.  *Id.* at 179.

failed to include the deadly weapon finding.  In any event, to the extent the entry of judgment did violate some Texas procedural rule, no federal constitutional question is raised.  *See Wood*, 503 F.3d at 413.  This claim is denied.

## IV.   CERTIFICATE OF APPEALABILITY

The AEDPA requires a certificate of appealability before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. section 2254 or section 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. section 2253(c)(1)).

This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As the Supreme Court made clear in its decision in *Miller-El*, 537 U.S. at 336, a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."

When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After considering all of the pleadings, the state court records, and the applicable law, the Court concludes that none of the issues presented in this case warrant a certificate of appealability under the applicable standard. Therefore, a certificate of appealability will not issue.

V.  **CONCLUSION**

Accordingly, Respondent's Motion for Summary Judgment (Docket entry No. 11) is **GRANTED**. Petitioner's petition for writ of habeas corpus (Docket entry No. 1) is **DISMISSED**. A certificate of appealability **SHALL NOT** issue.

**IT IS SO ORDERED.**

SIGNED this 25th day of March, 2013.

_____
Gregg Costa
United States District Judge